**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------x

MARTIN CARRION PACHECO, SANTOS TOMAS
SAPON, OSEAS QUIC SAPON, ALFREDO
VASQUEZ, and FELIPE SAPON, individually

                          Plaintiffs,

-against-

NINE AVENUE THAI INC. d/b/a VIV THAI,
VERASAK SANGSIRI, PRITAYARAK ANUTAYARAK,
THONGPOON PANDHER, TANYA ENG, and
SATHIT THAENGSEENUAN, jointly and severally,

                          Defendants.

**COMPLAINT**

**JURY TRIAL**
**DEMANDED**

-------------------------------------------------------------------------x

Plaintiffs, MARTIN CARRION PACHECO, SANTOS TOMAS SAPON, OSEAS QUIC SAPON, ALFREDO VASQUEZ, and FELIPE SAPON ("Plaintiffs") individually, by their attorneys, Mirer Mazzocchi Schalet Julien & Chickedantz, PLLC, complain of Defendants NINE AVENUE THAI, INC. d/b/a VIV THAI, VERASAK SANGSIRI, PRITAYARAK ANUTAYARAK, THONGPOON PANDHER, TANYA ENG, and SATHIT THAENGSEENUAN ("Defendants") as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs seek redress for violations of federal and state wage and hour laws. Plaintiffs complain on behalf of themselves pursuant to the Fair Labor Standards Act that they are owed: (i) minimum wages; (ii) overtime premium pay; (iii) reimbursement for expenses related to the "tools of the trade"; (iv) reimbursement for monies diverted from tips to

Defendants; and, (v) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 et seq. (hereinafter referred to as the "FLSA").

2. Plaintiffs further complain that they are owed additional wages from Defendants for (i) minimum wages; (ii) overtime premium pay; (iii) spread of hours pay; (iv) gratuities unlawfully diverted to Defendants; (v) failure to provide wage notices; and, (vi) liquidated damages pursuant to the New York State Hospitality Wage Order, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, §§ 146 et seq. and the New York Labor Law §190 et seq. (hereinafter collectively referred to as the "NYLL").

3. Plaintiff Pacheco further complains on behalf of himself only that he was subjected to the intentional torts of assault and battery.

## JURISDICTION AND VENUE

4. Plaintiffs invoke the jurisdiction of this Court pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216, and the supplemental jurisdiction statute, 28 U.S.C. § 1367, in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

5. The venue of this action is proper because the events or omissions giving rise to the claims occurred primarily within, and Defendants conduct business within, the Southern District of New York.

## PARTIES

6. Defendant Nine Avenue Thai, Inc ("Defendant Viv Thai") is the corporate name for a New York corporation that does business under the name Viv Thai located at 717 9th Avenue, Front 1 New York, New York 10019.

7. At all times relevant, Defendants were covered by the FLSA and the NYLL.

8. Upon information and belief, Verasak Sangsiri ("Defendant Sangsiri") is an owner and individual in active management of the business operation of Viv Thai. Defendant Sangsiri is sued individually and in his own capacity as an employer.

9. Upon information and belief, Defendant Pitayarak Anutayarak ("Defendant Anutayarak") is an owner and individual in active management of the business operation of Viv Thai. Defendant Sangsiri is sued individually and in his own capacity as an employer.

10. Upon information and belief, Defendant Thongpoon Pandher ("Defendant Pandher") is an owner and individual in active management of the business operation of Viv Thai. Defendant Pandher is sued individually and in her own capacity as an employer.

11. Upon information and belief, Defendant Tanya Eng ("Defendant Eng") is an individual in active management of the business operation of Viv Thai. Defendant Eng is sued individually and in her own capacity as an employer.

12. Upon information and belief, Defendant Sathit Thaengseenuan ("Defendant Thaengseeunan") is a manager employed by Viv Thai. Defendant Thaengseeunan is sued individually.

13. Defendants Sangsiri, Anutayarak, Pandher, and Eng were Plaintiffs' employers as defined by the FLSA and NYLL.

14. Upon information and belief, Defendant Sangsiri had control regarding wage-hour policies and practices, employee schedules and hiring and firing of employees.

15. Upon information and belief, Defendant Anutayarak had control over wage-hour policies and practices, and played an active role in hiring and firing employees.

16. Upon information and belief, Defendant Pandher managed the day-to-day operations of the business and had control over, *inter alia*, employee schedules, hiring and firing of employees, terms and conditions of employment and the rate and method of employee compensation.

17. Upon information and belief, Defendant Eng served as the direct manager for all Plaintiffs. Defendant Eng directed Plaintiffs' work, controlled when and whether Plaintiffs could clock in and out, had the power to discipline workers, and directed workers' tasks throughout their shifts.

18. At all relevant times, Defendants affected commerce within the meaning of 29 U.S.C. § 203(b).

19. Upon information and belief, at all relevant times, the gross annual volume of sales made or business done by Defendants was not less than $500,000.00. Specifically, Viv Thai is a popular restaurant and bar in midtown Manhattan with two locations and is now well established as it has been open for approximately five years. Further, Viv Thai is open seven (7) days a week and, upon information and belief, employs over ten (10) workers. As such, based on Plaintiffs' personal knowledge of defendants' business, as well as upon information and belief, Defendants are an enterprise engaged in commerce as defined by 29 U.S.C. §203.

20. At all relevant times, while they were employed by Defendants, Plaintiffs were handling, selling or otherwise working on goods or materials that have moved in or were produced for interstate commerce. As part of their regular job duties for Defendants, Plaintiffs routinely and regularly used and/or handled food and cleaning supplies and other items that have moved in the stream of inter-state commerce. Thus, in addition to the enterprise

coverage alleged above, Defendants are also subject to the individual coverage of the FLSA.

21. Plaintiff Martin Carrion Pacheco ("Plaintiff Pacheco") is an adult individual residing in Bronx County, New York. Plaintiff Pacheco was employed by Defendants as a bicycle delivery worker and kitchen prep worker from on or about August, 2015 to the present.

22. Plaintiff Oseas Quic Sapon ("Plaintiff Quic Sapon") is an adult individual residing in Bronx County, New York. Plaintiff Quic Spaon was employed by Defendants as a bicycle delivery worker and porter from on or about October, 2012 to the present.

23. Plaintiff Santos Tomas Sapon ("Plaintiff Tomas Sapon") is an adult individual residing in Kings County, New York. Plaintiff Santos Sapon was employed by Defendants as a bicycle delivery worker and porter from on or about December 2014 to the present.

24. Plaintiff Alfredo Vasquez ("Plaintiff Vasquez") is an adult individual residing in Bronx County, New York. Plaintiff Vasquez was employed by Defendants as a bicycle delivery worker and porter from on or about July 1, 2015 to on or about December 30, 2015.

25. Plaintiff Felipe Gerardo Sapon Sapon ("Plaintiff Sapon Sapon") is an adult individual residing in Kings County, New York. Plaintiff Sapon Sapon was employed by Defendants as a bicycle delivery worker and porter from on or about August 2013 to on or about March, 2014.

## FACTS

26. Plaintiffs were employed by Defendants Viv Thai, Verasak Sangsiri, Pritayarak Anutayarak, Tanya Eng and Sathit Thaengseenuan (hereafter "Defendants") as kitchen and delivery workers.

27. Defendants required Plaintiffs to perform both delivery work and kitchen work. Each of the plaintiffs was required to do food preparation, dish washing, cleaning, and other kitchen duties for at least 2 hours per shift or more than 20% of their shift.

28. By requiring Plaintiffs who are employed as delivery workers to perform kitchen work, Defendants are not entitled to pay the minimum wage for *service employees (delivery workers)* pursuant to the New York State Hospitality Wage Order, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, §§ 146-3.3(c).

29. At all times relevant, Defendants failed to pay the minimum wage and required overtime wages for non-service employees. In addition, for several Plaintiffs, as described below, Defendants did not pay the minimum wage required for service workers either.

30. Defendants use several illegal schemes to avoid paying minimum wage and/or overtime.

31. Defendants have a time-keeping system but they do not allow the Plaintiffs to use the system themselves. Rather, Defendants punch in and out for them and the punch in and out times do not match the actual hours worked by the Plaintiffs. Thus, by this scheme, Plaintiffs work "off the clock."

32. Plaintiffs were informed that they were being paid on an hourly rate but in reality, they were paid the same amount each week regardless of the number of hours actually worked. As the weekly amount of pay did not fluctuate based on the hours actually worked by the Plaintiffs, Defendants failed to pay Plaintiffs on an hourly basis as required by NYCRR tit. 12, §§ 146-2.5.

33. Plaintiff Pacheco was paid approximately $185.00 per week and worked initially a 35 hour week and then in 2016, a 32 hour week. At this weekly pay, Plaintiff Pacheco was

paid less than minimum wage for service or non-service workers at all times he was employed by Defendants.

34. Plaintiff Quic Sapon was paid approximately $360.00 per week and worked about 72 hours per week. He was then paid approximately $400 per week and worked about 60 hours per week so that he was paid less than minimum wage at all times he was employed by Defendants.

35. Plaintiff Tomas Sapon was paid approximately $375.00 per week and worked about 55 hours per week. He was then paid approximately $400 per week and continued to work about 55 hours per week so that he was paid less than minimum wage at all times he was employed by Defendants.

36. Plaintiff Sapon Sapon was paid approximately $375.00 per week and worked approximately 72 hours per week.

37. Defendants failed to pay time and one-half for hours worked over 40 by Plaintiffs.

38. Defendants do not pay Plaintiffs for all hours worked. Specifically, Plaintiffs are required to work through meal breaks but, upon information and belief, are subject to an automatic 30 minute deduction from wages for meal breaks.

39. Further, Plaintiffs continue, at times, to work after they were clocked out by Defendants. Upon information and belief, Defendants do not pay extra compensation for this time.

40. Defendants do not pay Plaintiffs the required spread of hours pay.

41. For a period of time, Defendants required Plaintiffs to give a portion of their cash tips to Defendant Eng.

42. Defendants require Plaintiffs and other delivery workers who earn tips to give 5% of those tips, including tips made on cash sales, to Defendants.

43. Plaintiffs were required to pay for and provide the "tools of the trade" such as bicycles, helmets, locks, and lights for the bicycles that were used for making Defendants' deliveries, and, at times, were required to pay for repairs to the bicycles. Defendants required Plaintiffs to purchase safety vests for $25.00 each.

44. The required state and federal posters and notices regarding minimum wage and overtime were not posted.

45. Until approximately mid September 2016, Defendants had failed to provide a wage notice to any of the Plaintiffs or to provide a weekly record of hours worked or wages paid.

46. Defendants failed to provide notice to Plaintiffs of the tip credit as required by law.

47. In or around the third week of September, 2016, Plaintiff Pacheco was about to clean the kitchen. Defendant Thaengseenuan, the nephew of the chef who is one of the owners, got angry and threw a dustpan at Plaintiff Pacheco's feet. He then lunged at him, pushed and grabbed him on the shoulder strongly while he was cursing and screaming at him.

48. Plaintiff Pacheco was grievously affronted by the unexplained and surprising intentional physical act of violence directed against him for no reason.

## AS AND FOR A FIRST CAUSE OF ACTION

**Violation of the Minimum Wage Provisions of the FLSA Brought by Plaintiffs**

49. Plaintiffs repeat and reallege each and every allegation made in the preceding paragraphs of this Complaint as is fully set forth herein.

50. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

51. At all relevant times, Defendants were engaged in commerce or in an industry or activity affecting commerce.

52. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

53. Defendants intentionally failed to pay the applicable minimum hourly rate in willful violation of 29 U.S.C. § 206(a) and § 255(a).

54. Plaintiffs have been damaged in an amount to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION

### Violation of the Overtime Provisions of the FLSA Brought by Plaintiffs

55. Plaintiffs repeat and reallege each and every allegation made in the preceding paragraphs of this Complaint as is fully set forth herein.

56. Defendants intentionally failed to pay Plaintiffs overtime compensation at rates of at least one and one-half times the regular rate of pay for all hours worked in excess of 40 hours in a workweek, in willful violation of the FLSA.

57. Plaintiffs have been damaged in an amount to be determined at trial.

## AS AND FOR A THIRD CAUSE OF ACTION

### Violation of the Minimum Wage Provisions of the NYLL Brought by Plaintiffs

58. Plaintiffs repeat and reallege each and every allegation made in the preceding paragraphs of this Complaint as is fully set forth herein.

59. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the NYLL §§2 and 651.

60. At all relevant times, Plaintiffs did not meet the definition of a *service employee* as defined by York State Hospitality Wage Order, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, §§ 146-3.3(c). According to the Hospitality Wage Order, "an

employee may not be classified as a service employee on any day in which she or he has been assigned to work at an occupation in which tips are not customarily received for 2 hours or more or for more than 20% of his or her shift, whichever is less." All plaintiffs worked at least 2 hours or at least 20% of their shifts performing non-delivery work, including food preparation, cleaning, and dish washing.

61. Defendants willfully failed to pay Plaintiffs at the applicable hourly rate for *non-service employees* in violation of the NYLL.

62. Plaintiffs have been damaged in an amount to be determined at trial.

## AS AND FOR A FOURTH CAUSE OF ACTION

### Violation of the Overtime Provisions of the NYLL Brought by Plaintiffs

63. Plaintiffs repeat and reallege each and every allegation made in the preceding paragraphs of this Complaint as is fully set forth herein.

64. Defendants failed to pay Plaintiffs overtime compensation at rates of one and one half times the regular rate of pay for each hour worked in excess of 40 hours in a workweek, in violation of the NYLL.

65. Defendants' failure to pay Plaintiffs and other similarly situated current and former employees at the applicable overtime hourly rate was willful within the meaning of NYLL§ 198.

66. Plaintiffs have been damaged in an amount to be determined at trial.

## AS AND FOR A FIFTH CAUSE OF ACTION

### Violation of the Spread of Hours Provisions of the NYLL Brought by Plaintiffs

67. Plaintiffs repeat and reallege each and every allegation made in the preceding paragraphs of this Complaint as is fully set forth herein.

68. Defendants failed to pay Plaintiffs one additional hour at the basic minimum wage rate for each such day Plaintiffs' spread of hours exceeded ten in violation of the NYLL.

69. Plaintiffs have been damaged in an amount to be determined at trial.

## AS AND FOR A SIXTH CAUSE OF ACTION

### Violation of the FLSA – Tools of the Trade, Brought by Plaintiffs

70. Plaintiffs repeat and reallege each and every allegation made in the preceding paragraphs of this Complaint as is fully set forth herein.

71. Defendants required Plaintiffs to provide and/or pay for the "tools of the trade" necessary to do the work of delivery workers.

72. Defendants thereby violated the FLSA and its regulations, 29 CFR § 531.35, and paid less than the lawfully required minimum and overtime rates as a result of said violations.

## AS AND FOR A SEVENTH CAUSE OF ACTION

### Violation of the FLSA – Tips, Brought by Plaintiffs

73. Plaintiffs repeat and reallege each and every allegation made in the preceding paragraphs of this Complaint as is fully set forth herein.

74. Plaintiffs have not been allowed to keep all of their earned gratuities and such gratuities have been misdirected to non-service workers and management in violation of FLSA, 29 U.S.C. § 203 (m).

## AS AND FOR AN EIGHTH CAUSE OF ACTION

### Violation of the NYLL §196(d) – Tips, Brought by Plaintiffs

75. Plaintiffs repeat and reallege each and every allegation made in the preceding paragraphs of this Complaint as is fully set forth herein.

76. Plaintiffs have not been allowed to keep their earned tips and gratuities and such gratuities have been misdirected to Defendants and management in willful violation of NYLL § 196-d and NYCRR tit. 12 § 146-2.7, 2.18 and the NYLL.

### AS AND FOR A NINTH CAUSE OF ACTION

**Failure to Provide Wage Notice (NYLL § 195) Brought by Plaintiffs**

77. Plaintiffs repeat and reallege each and every allegation made in the preceding paragraphs of this Complaint as is fully set forth herein.

78. Defendants failed to provide wage notices and accurate wage statements as required by NYLL § 195.

79. Plaintiffs have been damaged in an amount to be determined at trial.

### AS AND FOR A TENTH CAUSE OF ACTION

**Common Law Assault and Battery Brought by Plaintiff Pacheco**

80. Plaintiffs repeat and reallege each and every allegation made in the preceding paragraphs of this Complaint as is fully set forth herein.

81. By the conduct and actions described above, Defendant Thaengseenuan inflicted the torts of assault and battery upon Plaintiff Pacheco. The acts and conduct of Defendant Thaengseenuan were the direct and proximate cause of damage to Plaintiff Pacheco and violated Plaintiff Pachecho's common law rights.

82. The acts of Defendant Thaengseenuan were intentional, reckless, unwarranted and without any just cause or provocation and Defendant Thaengseenuan knew or should have known that his actions were done without the consent of Plaintiff Pacheco.

83. As a result of the foregoing, Plaintiff Pacheco was subjected to physical and emotional pain and suffering, and was otherwise damaged and injured in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

A. Directing Defendants to compensate Plaintiffs for all hours worked at the applicable minimum wage;

B. Directing Defendants to pay overtime premium pay to Plaintiffs;

C. Directing Defendants to pay the required "spread of hours" pay to Plaintiffs;

D. Directing Defendants to reimburse Plaintiffs for unreimbursed expenses related to the "tools of the trade";

E. Directing Defendants to reimburse Plaintiffs for any tips unlawfully misdirected to Defendants;

F. Directing Defendants to reimburse Plaintiffs for the amount of any tip credits unlawfully taken by Defendants;

G. Directing Defendants to pay the statutory fines due to the failure to provide wage notices;

H. Awarding Plaintiffs liquidated damages in an amount equal to all violations pursuant to 29 U.S.C. § 216(b) and equal to all violations pursuant to the NYLL;

I. Declaring Defendants' conduct complained of herein to be in violation of the Plaintiffs' rights as secured by the NYLL;

J. Awarding Plaintiffs pre-judgment interest;

K. Awarding Plaintiff Pacheco appropriate damages due to Defendant Thaengseenuan's assault and battery.

L. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees and costs; and,

M. Granting injunctive and such other and further relief as this Court deems necessary and proper.

Dated: New York, New York
November 21, 2016

Respectfully submitted,

By: /s/ Elizabeth Schalet

Mirer Mazzocchi Schalet Julien & Chickedantz, PLLC

Mirer Mazzocchi Schalet Julien & Chickedantz, PLLC
150 Broadway, 12th Floor
New York, NY 10038
(212)-231-2235
info@mmsjlaw.com